**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2166
_____

JAMES WALTERS,
                                    Appellant

v.

MUHLENBURG TOWNSHIP POLICE DEPARTMENT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5:11-cv-07453)
District Judge: Honorable Mary A. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 23, 2013
Before:  AMBRO, HARDIMAN and ALDISERT, Circuit Judges

(Opinion filed: August 27, 2013)
_____

OPINION
_____

PER CURIAM

        James Walters appeals pro se from the District Court's orders granting summary

judgment in favor of the defendant and denying Walters's motion to amend the

complaint.  For the following reasons, we will affirm.

1

I.

In December 2009, James Walters was arrested by Officer Jason Bowen of the

Muhlenburg Township Police Department. During the arrest, according to Walters,

Officer Bowen violently grabbed him by the back of the neck, shoved his face and body

into the pavement, and dragged him along the ground. Walters suffered scrapes, bruises,

and fractures to two of his ribs. Two years later, in December 2011, Walters brought an

excessive-force claim pursuant to 42 U.S.C. § 1983 against the Muhlenburg Township

Police Department.

The Department moved for summary judgment, arguing, *inter alia*, that Walters

had failed to show that it violated his civil rights pursuant to a policy, practice, or custom.

In response, Walters requested leave to amend the complaint to add Officer Bowen as a

defendant, explaining that his attorney was at fault for failing to amend the complaint

within the limitations period. The District Court entered summary judgment in favor of

the Department and denied Walters's request to amend, determining that Officer Bowen

did not have actual or constructive notice within 120 days of the filing of the original

complaint. Walters timely appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over

the District Court's entry of summary judgment. See Saldana v. Kmart Corp., 260 F.3d

2

228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, no genuine issue of material fact exists. See Fed. R. Civ. P. 56(c); Saldana, 260 F.3d at 231-32. We review the District Court's order denying leave to amend the complaint pursuant to Fed. R. Civ. P. 15 for abuse of discretion only. Garvin v. City of Philadelphia, 354 F.3d 215, 219 (3d Cir. 2003).

A. Excessive Force Claim

In the complaint, Walters raised an excessive-force claim based on Officer Bowen's conduct in effectuating the arrest. But Walters did not name Officer Bowen himself as a defendant in the original complaint; he named only the Muhlenburg Township Police Department. Under 42 U.S.C. § 1983, liability attaches to a municipality only where the "government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Here, Walters did not point to any facts suggesting that the Department had a policy or custom of permitting its officers to use excessive force in making arrests. Rather, as Walters himself conceded, he sought to hold the defendant liable only "because he thought they were responsible as the officer's employer." (Pl.'s Resp. to Mot. for Summ. J. at 1.) But, of course, under § 1983 "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable . . . on a *respondeat*

3

*superior* theory." Monell, 436 U.S. at 691. Therefore, no genuine issue of material fact existed as to Walters's claim that the Department was liable for Officer Bowen's alleged use of excessive force. See Fed. R. Civ. P. 56(c).

B. Motion to Amend the Complaint

Acknowledging his error in naming only the Muhlenburg Township Police Department as a defendant, Walters requested leave to amend his complaint to add Officer Bowen as a defendant. Walters asked for leave to amend, though, only after the two-year statute of limitations period had expired (and, indeed, only after the motion for summary judgment was filed). See Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) (noting Pennsylvania's two-year statute of limitations governs § 1983 claims). He knew, or had reason to know, in December 2009—on the date of the arrest—that his cause of action had begun to accrue. See Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998). The limitations period thus expired two years later in December 2011. Walters filed his original complaint in December 2011, just within the limitations period, but he did not request to add Officer Bowen as a defendant until 2013—over a year too late.

Accordingly, in order for Walters's allegation against officer Bowen to come within the limitations period, he needed to demonstrate that it related back to the date of the original complaint. See Fed. R. Civ. P. 15(c)(1). The District Court correctly concluded that Walters failed to make such a showing because Officer Bowen did not

4

receive notice within 120 days of the filing of the original complaint, as required by Fed. R. Civ. P. 15(c)(1)(C). The record is bereft of any facts suggesting that Officer Bowen had actual or imputed notice of Walters's law suit before April 6, 2012 (120 days after the complaint was filed). See Singletary v. Pa. Dep't of Corr., 266 F.3d at 196-97 (3d Cir. 2001) (explaining that notice may be imputed if the party to be added shares an attorney with the named party or the two share an identity of interest). Under the "shared attorney" method of imputing notice to a new defendant, "the applicable test is not whether new defendants *will* be represented by the same attorney, but rather whether the new defendants *are* being represented by the same attorney." Garvin, 354 F.3d at 223 (citation and internal quotation marks omitted). Here, Walters did not point to any facts suggesting that, during the 120-day period after he had filed the original complaint, Officer Bowen and the Department were being represented by the same attorney. Nor can Officer Bowen be deemed to have notice solely by virtue of his employment with the defendant. See Singletary, 266 F.3d at 199 (finding that a prison psychologist did not share an identity of interest with the prison because he was a staff-level employee).

Walters argues on appeal that he should have been permitted to add Officer Bowen as a defendant because it was his attorney, rather than Walters himself, who was at fault for failing to amend within the limitations period. This excuse, however, does not relieve Walters from having to satisfy Rule 15(c)'s requirements for relation back. See Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006) ("There is no allowance in Rule

5

15(c) for inquiry into a party's delay in moving for leave to amend. Such equitable considerations . . . do not relate to any of the enumerated conditions of Rule 15(c)."). Therefore, the District Court did not abuse its discretion in denying Walters's motion to amend. See Garvin, 354 F.3d at 219.

For the reasons given, we will affirm the judgment of the District Court.